UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

    Plaintiff,

v.                                                                                                  Hon. Janet T. Neff

THOMAS L. DORWIN, in his                                         Case No. 1:20-cv-453
official capacity, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Clarence Otworth has sued Thomas L. Dorwin, the Clerk of this Court, and Magistrate Judge Raymond S. Kent, in their official capacities pursuant to 42 U.S.C. § 1983, alleging in his amended complaint that they violated his right to file a lawsuit, as well as a criminal statute, 18 U.S.C. § 242, by refusing to file Otworth's lawsuit against Michigan Governor Gretchen Whitmer. Otworth alleges that on Monday, May 11, 2020, he mailed a copy of a complaint against Governor Whitmer and a check in the amount of $400 for the filing fee to this Court. Otworth further alleges that his check was cashed on May 13, 2020, but Dorwin did not file Otworth's lawsuit. Otworth alleges that Dorwin did not file his lawsuit at the direction Magistrate Judge Kent. (ECF No. 3 at PageID.15.)

Otworth's complaint is a pro se complaint subject to screening under to 28 U.S.C. § 1915(e)(2)(B), which provides that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that," among other grounds, the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). The Sixth Circuit has held that "a district court may not *sua sponte* dismiss a complaint where the filing

fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999) (per curiam); *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  However, the court identified an exception to this rule.  That is, a district court may dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 478 (citing *Hogans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

Otworth's amended complaint falls comfortably within *Apple*'s exception.[1]  Apart from the fact that Dorwin and Magistrate Judge Kent are not a state actors, and thus cannot be sued under Section 1983, and 18 U.S.C. § 242 is a criminal statute that provides no private right of action, *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003), the Court's docket shows that on May 11, 2020,[2] Otworth's complaint was filed in Case No. 1:20-CV-405, captioned *Clarence Otworth v. Gretchen Whitmer*.  His instant action is thus devoid of merit.

Accordingly, I recommend that Otworth's action be **DISMISSED**.

Date:  June 2, 2020                                                                     /s/ Sally J. Berens
                                                                                         SALLY J. BERENS
                                                                                         U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

---

[1] Otworth's second amended complaint (ECF No. 7), filed on May 29, 2020, was improperly filed without a motion for leave to amend, as required by Federal Rule of Civil Procedure 15(a)(2).  Otworth previously amended his complaint "once as a matter of course" pursuant to Rule 15(a)(1) when he filed his amended complaint on May 26, 2020.  (ECF No. 3.)

[2] The complaint was entered on May 12, 2020, and filed as of May 11, 2020.