UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLARENCE OTWORTH,

    Plaintiff,

v.

    CASE No. 1:20-cv-453

    HON. ROBERT J. JONKER

THOMAS L. DORWIN, et al.,

    Defendants.

_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The matter is before the Court on Magistrate Judge Berens' Report and Recommendation in this matter. The case has been reassigned to the undersigned. (ECF Nos. 27 & 28). The Court has reviewed Magistrate Judge Berens' Report and Recommendation (ECF No. 8) and Plaintiff's Objection to the Report and Recommendation. (ECF No. 11). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> [t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. After its review, the Court finds that Magistrate Judge Berens' Report and Recommendation, which recommends dismissing this action, is factually sound and legally correct.

### A. PLAINTIFF'S OBJECTION

As set out in the Report and Recommendation, Plaintiff sued Thomas L. Dorwin, the Clerk of this Court, and Magistrate Judge Raymond S. Kent, in their official capacities under 42 U.S.C. § 1983. Plaintiff alleges that Mr. Dorwin and Judge Kent violated his right to file a lawsuit, as well as the criminal statute 18 U.S.C. § 242, by refusing to file Plaintiff's lawsuit against Michigan Governor Gretchen Whitmer. The Magistrate Judge reasons that this action is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) because the allegations in the Complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." (ECF No. 8, PageID.25) (citing *Apple v. Glenn*, 183 F.3d 477, 478 (6th Cir. 1999)).

Plaintiff does not meaningfully respond to the Magistrate Judge's reasoning, nor does he raise any specific objection to the Report and Recommendation. Rather, in a missive typical of the invective filings Plaintiff has filed of late, Plaintiff states the Court should throw the Report and Recommendation "in the trash." (ECF No. 11, PageID.33). This is, of course, completely nonresponsive to the Report and Recommendation. To the extent Plaintiff's Objection can actually be described as an Objection, it is nothing more than an insufficient general objection to the Report and Recommendation. The Sixth Circuit has held that a "general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing

2

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)); *see also* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations."). Plaintiff's objection fails to meet this standard. To the extent the Court needs to reach Plaintiff's general objection that the Magistrate Judge got it wrong in the Report and Recommendation, the Court disagrees with Plaintiff.

As the Magistrate Judge noted, Plaintiff paid the required filing fee when he tendered the Complaint in this matter to the Court. This action, then, is not subject to a preliminary screening under 28 U.S.C. § 1915(e). And in most circumstances, courts may not *sua sponte* dismiss a complaint where the filing fee has been paid unless upon a party's motion. *See Tingler v. Marshall,* 716 F.2d 1109, 1111–12 (6th Cir. 1983). However, as the Magistrate Judge also correctly observed, in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), the Sixth Circuit held that a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir. 1999); *see also Neitzke v. Williams,* 490 U.S. 319, 327 n. 6, 109 S. Ct. 1827 (1989) ("A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."); *Tucker v. FBI Head Quarters*, No. 19-13626, 2020 WL 2059866 (E.D. Mich. Apr. 29, 2020) (dismissing lawsuit as frivolous where the *pro se* plaintiff had paid the filing fee).

The Magistrate Judge concluded that Plaintiff's complaint set forth such vague, attenuated, and unsubstantial allegations that dismissal under Rule 12(b)(1) was called for. The Court agrees. The Complaint and Objections are factually frivolous and plainly incongruent with the record.

Plaintiff complains he attempted to file a lawsuit against Michigan's governor on May 11, 2020. (ECF No. 1). The record clearly and unambiguously shows that the lawsuit was filed on this Court's docket. *Otworth v. Whitmer*, 1:20-cv-405 (W.D. Mich. filed May 11, 2020). Plaintiff's fanciful speculation that this is some sort of post hoc effort to conceal malfeasance falls squarely within the type of implausible and frivolous allegations that the Court in *Apple* determined was subject to dismissal under Rule 12.

The Court finds that the Magistrate Judge thoroughly reviewed the entirety of the claims and factual allegations contained in Plaintiff's Complaint. The Court agrees with the Magistrate Judge that Plaintiff is not entitled to the relief he seeks for the very reasons delineated by the Magistrate Judge. This case is dismissed.

### B. Other Matters

In addition to the Objection, Plaintiff has filed several other motions that are currently pending. The Court considers each in turn.

First Plaintiff seeks the recusal of Judge Neff from the case. (ECF No. 15). This motion is dismissed as moot since Judge Neff is no longer assigned to the case.

Next Plaintiff seeks to amend his Complaint to refine his claims by, among other things, adding Magistrate Judge Berens to the case. (ECF No. 17). The motion is denied. In the proposed Amended Complaint Plaintiff states that Defendants (and Judge Berens) violated 18 U.S.C. §§ 241 (Conspiracy against rights) and 242 (Deprivation of rights under color of law) first by rejecting his Complaint against the Governor and then by recommending the dismissal of his case. The proposed amendment is futile, first of all, because there is no private right of action under the statute Plaintiff sites. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v.*

4

*University of Chicago*, 441 U.S. 677, 688 (1979). There is no private cause of action for violation of these federal criminal statutes. *See United States v. Oguaju*, 76 Fed.Appx. 579, 581 (6th Cir. 2003) ("Oguaju has no private right of action under either [18 U.S.C. §§ 241 or 242]."). Plaintiff's Complaint, therefore, remains frivolous and devoid of merit, and would not survive a motion to dismiss. The motions are properly denied on this basis alone. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

The proposed claims against Magistrate Judges Kent and Berens, furthermore, are frivolous because the claims arise out of their alleged activities as Magistrate Judges and would be barred by the doctrine of absolute judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)). "[T]his exemption of the judges from civil liability" could not "be affected by the motives with which their judicial acts are performed." *Id.* (citing *Bradley v. Fisher*, 80 U.S. *13 Wall.) 335, 337 (1871). In fact, a judge was not liable for judicial acts even if those acts were in excess of the judge's authority or were done maliciously or corruptly. *Bradley*, 80 U.S. (13 Wall.) at 351. "[S]uch immunity was essential to protect the integrity of the judicial process." *Cleavinger*, 474 U.S. at 199 (citing *Pierson*, 386 U.S. at 554). Accordingly, the motion to amend is denied as futile.

Next, Plaintiff seeks the issuance of summons (ECF No. 16). The motion is dismissed as moot. The Court has determined Plaintiff's lawsuit is subject to dismissal under Rule 12(b)(1) and that the motion to amend is futile. The case is now closed.

The motion for the disclosure of certain staff members in the Clerk of Court is also denied. (ECF No. 25). Plaintiff does not state why he needs this information. Rule 37, furthermore

provides for sanctions in the event of discovery violations. There has been no discovery in this case. Moreover, the case is now closed.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 8) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for recusal of Judge Neff (ECF No. 15) is **DISMISSED AS MOOT.**

**IT IS FURTHER ORDREED** that the Motion for Issuance of Summons (ECF No. 16) is **DISMISSED AS MOOT.**

**IT IS FURTHER ORDERED** that the motion for leave to file Amended Complaint (ECF No. 17) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Order (ECF No. 25) is **DENIED.**

This case is **DISMISSED WITH PREJUDICE.**

Dated:   November 6, 2020           /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     CHIEF UNITED STATES DISTRICT JUDGE